FIRST NATIONAL BANK OF SIOUX CITY, IOWA, v. GEORGE H. FLYNN, Trustee in Bankruptcy of L. Humbert Company.

**Enforcement of Lease:**  *Oral evidence to show true consideration.* In an action to recover rent under a written lease and enforce a landlord's lien, a default judgment against the tenant was set aside on motion of his trustee in bankruptcy, and the latter allowed to defend.  Parol evidence was admitted to show that the rent reserved in the lease exceeded the real rental value of the premises, and was made up of the actual rental value plus arrearages of rent.  *Held*, that such evidence was not objectionable, as altering the terms of a written contract, but merely went to show the real consideration for the contract.

*Same.*  As between plaintiff and the trustee, such evidence was material only to show the amount for which plaintiff was entitled to a lien.

FORFEITURE OF LIEN.  Where a lease reserved rent in excess of the rental value of the premises, and composed of the rental value plus monthly installments in payment of former arrearages, and the landlord attempted to enforce his lien for the entire rent reserved against the trustee in bankruptcy of the lessee, the landlord thereby forfeited his entire lien.

**Default:**  WHEN SET ASIDE AFTER TERM:  Code, section 3790, providing that a default cannot be set aside unless application

' therefor is made at the term in which default was entered,. does not apply to the setting aside of a default in a case in. which it should not have been entered.

**Stay of Proceedings:** SUIT AGAINST APPLICANT IN BANKRUPTCY. Under Bankruptcy Act, section 11a, providing that a suit founded on a claim from which a discharge would be a release,. pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or dismissal of the petition, the court should not render judgment against a defendant after the filing of an answer stating that a petition in bankrutcy had been filed against him, but should. determine whether bankruptcy proceedings were pending, and,. if so, should stay furthher action till then.

*On application of trustee in bankruptcy.* Code, section 3790, providing that a default cannot be set aside unless application therefor is made at the term in which default was entered, does not prevent the setting aside of a default judgment against. a bankrupt on the application of his trustee in bankruptcy made in the next term after the judgment was rendered, but, as such an application is in reality an intervention in behalf of the bankrupt's creditors, the court has power to entertain such an application as long as the case is pending before it.

*Same.* Plaintiff sued defendant to recover rent and enforce a landlord's lien, and, though defendant answered that a petition in bankruptcy was pending against him, the court entered default judgment against him. At the next term defendant's trustee in bankruptcy moved to have the judgment set aside. At the time of the motion the sheriff had not made return of the writ of attachment under which defendant's property had been seized. *Held* that, though the default judgment was in form a final adjudication, the cause was still before the court, so as to justify the granting of the trustee's motion.

*Appeal from Woodbury District Court.*—Hon. F. R. GAYNOR, Judge.

THURSDAY, OCTOBER 9, 1902.

ACTION to recover rent alleged to be due under a lease,. and to enforce a landlord's lien therefor against the L. Humbert Company. One Flynn, as trustee in bankruptcy of defendant company, sought to controvert plaintiff's right to a lien, and judgment was rendered for plaintiff

establishing its lien as to a portion of the land claimed, from which judgment plaintiff and Flynn, trustee, prosecute separate appeals. _Affirmed_ on plaintiff's appeal, and _reversed_ on the appeal of the trustee.

_Lewis & Lewis_ for plaintiff.

_A. C. Strong_, _E. P. Farr_ and _L. M. Kean_, for Geo. H. Flynn trustee.

McCLAIN, J.—The lease on which suit was brought was executed in June, 1899. The action was instituted in February, 1900. The L. Humbert Company, defendant, on the 28th of March, 1900, filed an answer, stating that on that day a petition in bankruptcy had been filed against the said defendant in the United States district court, and praying that the courts make such order in the premises as should be necessary. The court proceeded, however, without regard to the pendency of the bankruptcy proceedings, to adjudge defendant to be in default, and rendered judgment against the defendant for the full amount of rent provided for in the lease, and established a lien in plaintiff's favor on property of the defendant, which had been seized under a landlord's writ of attachment at the beginning of the action, and ordered such property to be sold. Thereafter, on the 9th of May, Flynn, who had been on the 5th of May duly qualified as trustee in bankruptcy of the defendant firm, filed a motion to set aside the default, and presented therewith his answer, taking issue with plaintiff as to his right to a lien.

I. Plaintiff contends that as Flynn, trustee, did not file his motion and answer until the next term after the default was granted, he was not entitled to relief. Code, section 3790. But, in the first place, the statutory provisions as to setting aside a default are not applicable where no default whatever should have been granted (_Hoitt v. Skinner_, 99 Iowa, 360); and it is plain

that, after defendant had set up the pendency of the bankruptcy proceedings, the lower court should not have proceeded to render a personal judgment, but should have determined the issue of fact whether such bankruptcy proceedings were pending in the federal court, and, on finding that such proceedings had been commenced, should have stayed further action, so far as the personal claim against the bankrupt was concerned, until the determination of the bankruptcy proceeding (Bankruptcy Act, section 11a). In the second place, the trustee's application was not an ordinary motion to set aside a default, which could be made only by the defendant against whom the default was rendered, but was in reality an intervention in behalf of the creditors of the bankrupt's estate to contest plaintiff's claim and its right to a lien.   That the state court had the inherent power to entertain such an application, so long as the case was pending before it, cannot be doubted.   *Heath v. Shaffer* (D. C.) 93 Fed. Rep. 674.   That the state court still had jurisdiction of the attached property, and the power to determine what disposition should be made of it, clearly appears; for, although the judgment on default was formally a final adjudication, it is shown that at the time such judgment was rendered, and also at the time when the trustee sought to assert his right to the property, the sheriff had not only not sold the attached property under special execution, but as a matter of fact had not yet made return to the court of the writ of attachment under which the property had been seized.   We think there can be no question of the right of the trial court to set aside its erroneous judgment, and make further determination as to the proper disposition of the attached property.   This the trial court did, and we think its action is correct.

II.   Having set aside the default, the trial court received evidence tending to show that, while the lease was executed six months from June 1, 1899, at the agreed rental of $122.30 per month, as a matter of fact the amount

of rent to be paid was determined by adding to the real rental value of the premises, which, under a previous lease, had been $50 a month, such additional sum as that the payment for the rent under the lease would satisfy not only the real rental value of the premises, but arrearages of rent to the amount of some $433; and the amount to be paid per month under the lease for each month was simply one-sixth of a total amount agreed upon in satisfaction of indebtedness for arrearage rent and rent for the six months for which the lease was executed. It is contended for plaintiff that parole evidence showing these facts was not admissible, on the ground that it was thereby attempted to vary the terms of a written instrument. But it is certainly competent in any case to show what the real consideration for a contract is, even though the contract is in writing and recites the consideration; and on the issue as to whether plaintiff was entitled to a lien under this lease for $733 it was proper to admit evidence to show that the rent agreed to be paid by the terms of the lease was not the real rental for the use of the premises, but included additional indebtedness, for which plaintiff was attempting to secure a lien by means of the recitals of the lease. As between plaintiff and the trustee in bankruptcy, it was material only to determine for what amount plaintiff was entitled to a lien, and on that question the recitals of the lease could not be conclusive. It is well settled that a landlord cannot assert a lien for other indebtedness than that arising from the renting of the premises for the time covered by the lease, and that, if he attempts to do so in such way as to render it impracticable to determine what amount is due for the lease of the premises, he forfeits his entire lien. *Smith v. Dayton*, 94 Iowa, 102; *Ladner v. Balsley*, 103 Iowa, 674; *In re Wolf* (D. C.) 98 Fed. Rep. 74. That is exactly what the plaintiff did in this case. Having a claim against the L. Hum-

bert Company for $433, it attempted to lump that amount in with a charge for the rental of the premises for six months, and thereby secure a landlord's lien under the last lease for a much larger amount than that for which the premises were actually rented. The trial court assumed that the real rent charged for the premises under the last lease was $50 per month, the rate at which the premises had been rented under the previous lease, and gave plaintiff a judgment under his landlord's attachment for that amount. But this, we think, was error. It does not appear that the parties agreed on a rental of $50 per month, but, rather, that they made a contract by which, if the tenant should pay $122.30 each month for six months, he would satisfy the claim of the plaintiff for delinquent rent under the previous lease, and have the use of the premises under the new lease. The representative of plaintiff who made the contract of lease testified as a witness that the premises, with slight repairs, might have been rented for $75 a month; and whether or not it was the purpose of plaintiff to throw off part of the claim which it held for delinquent rent under the old lease, and charge a higher rental for the premises during the new lease, does not appear. It is enough to say that the plaintiff so managed the transaction that it was not agreed what the rental under the new lease actually was, and, as plaintiff is not entitled, as against the creditors of the bankrupt, to enforce its lien for more than the real rental, it should have been held to have forfeited its lien by this attempt to make a new lease cover the payment of antecedent indebtedness. The lower court erred, therefore, in recognizing plaintiff's lien as to any portion of the proceeds of the attached property.

The judgment of the lower court is therefore affirmed on plaintiff's appeal, and on the appeal of Flynn, trustee, it is REVERSED.