### In re KESSLER et al.

(Circuit Court of Appeals, Second Circuit. March 13, 1911.)

No. 160.

1. BANKRUPTCY (§ 245*)—TRUSTEES—DUTIES.

A bankrupt's trustee, representing not only the bankrupt, but the general creditors, must realize from the estate all that he can for distribution.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 245.*]

2. BANKRUPTCY (§ 246*)—TRUSTEES—POWERS.

In his representative capacity a bankrupt's trustee may assert claims, avoid preferences, and collect assets where the bankrupt, if there had been no bankruptcy, could not act.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 246.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. BANKRUPTCY (§ 273*)—TRUSTEES—POWERS.**

A bankrupt's trustee could pay out of the funds in his hands a debt secured by collateral in excess of the amount thereof, and claim subrogation to the rights of the creditor for the benefit of the general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 273.*]

Petition to Review and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of Alfred Kessler and others, composing the firm of Kessler & Co. bankrupts. From an order of the District Court, the Merchants' National Bank of the City of New York and another appeal, and file petition to review said order. Affirmed.

On petition to review and appeal from an order of the District Court of the United States for the Southern District of New York, dated August 12, 1910, modifying and confirming a report made by a special master and providing that Lawrence E. Sexton, trustee of Kessler & Co., bankrupts, is entitled, as holder of $39,000 of notes indorsed by Kessler & Co. to the National City Bank, to share in certain funds held by him as security for notes of Robert B. MacLea Company, and to have the same applied to the payment of the said $39,000 pro rata with the Merchants' National Bank, the Banque de Bale and Kessler & Company, Limited, of Manchester, England.

George Zabriskie and Albert B. Kerr, for appellants.
Wallace MacFarland and S. J. Rosensohn, for trustee and appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. Prior to October 30, 1907, Kessler & Co. were bankers doing business in New York; they were adjudicated bankrupts November 22, 1907, and Lawrence E. Sexton became their trustee on December 31, thereafter. The R. B. MacLea Company was engaged in business in New York as importers and dealers in dry goods. On July 13, 1904, this company made an agreement with Kessler & Co. whereby the bankers agreed to extend to the merchants a credit of $50,000 to be advanced as needed on the promissory notes of the merchants bearing interest at the rate of 6 per centum per annum. The merchants agreed to hold their stock as security for any indebtedness due to the bankers and undertook to deliver to the bankers such reasonable transfers or assignments as were necessary to protect and secure the bankers. All orders for the sale of goods were to be submitted to the bankers and approved by them, they agreeing to guarantee the payment of such accounts for a commission of 2½ per centum on the amount of such accounts. All accounts for goods sold were to be transferred to the bankers and stamped as follows:

"This account has been assigned and is only payable to Kessler & Co., bankers, 54 Wall street, New York."

The assignment was not only for the purpose of protecting the bankers in their guaranty, but as additional security for any indebtedness which at any time might be due them from the merchants. When paid to the bankers the proceeds of such accounts less commissions were to be placed to the credit of the merchants and applied on the indebtedness due from the merchants to the bankers. In the event

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of failure of the merchants to carry out any of their agreements or in the event that their statements proved to be untrue, the bankers were at liberty to declare due and payable all unpaid advances made by them.

At the time of the failure of Kessler & Co. on October 30, 1907, notes of the MacLea Company to the order of Kessler & Co. to the amount of $96,000 had been received by the latter company. Kessler & Co., before their failure, had transferred all but one of these notes as follows:

| | |
|---|---|
| To the Merchants' Bank of New York | $30,000 |
| To the Banque de Bale | 15,000 |
| To the City Bank of New York | 39,000 |
| To Kessler & Co., of Manchester | 5,000 |
| | $89,000 |

The amount due the City Bank was reduced to $12,000 by a deposit of $27,000 standing in the name of Kessler & Co. which was set off by the bank against the liability of Kessler & Co. Subsequently the trustee in bankruptcy paid off or satisfied the aforesaid balance and received the $39,000 of MacLea notes, indorsed by Kessler & Co., together with the collaterals. Mr. Sexton, as trustee, collected from the collaterals a sum which, with interest, amounted on January 1, 1910, to $32,215.70. The sum of $12,148.20 was collected from other sources, making the total amount of the fund held as security for the $89,000 MacLea notes the sum of $44,363.90.

The foregoing statement of facts sufficiently presents the questions debated. It is contended for the trustee that when the $39,000 MacLea notes were acquired by him by the appropriation of the funds of the estate, subsequent to the bankruptcy of Kessler & Co., the bank no longer had a claim against the bankrupts as indorsers on the notes. He insists that he, as trustee, became subrogated to the right of the bank to the security for the notes—to wit, $39/89$ or about $20,000.

On the part of the appellant banks it is urged that the trustee did not become a purchaser of the MacLea notes with their collaterals and was not subrogated to the rights of the City Bank in the notes. They insist also that the appellants are entitled to the proceeds of the merchandise and accounts in preference to the trustee and that as judgment creditors they are entitled to the entire proceeds of the merchandise.

The special master found that the trustee was not paying the debt of a third person but a debt of the estate, that he did not become subrogated to the rights of the City Bank and did not buy the interest of the bank in the notes. It is argued that he simply redeemed certain property, the legal title to which was in the bankrupt estate, from the lien of the bank as pledgee.

The District Court held that in acquiring the MacLea notes, after the petition in bankruptcy, with funds of the estate at least to the amount of $27,000, the trustee became a purchaser and entitled to the pro rata share to which the City Bank was entitled. The record does not contain all the facts which apparently have a bearing upon the questions involved, but upon the facts as they appear we are of

the opinion that the District Judge was right in his reasoning and conclusions.

[1] It was clearly the duty of the trustee, representing not only the bankrupt but the general creditors, to realize from the estate all that was possible for distribution among the creditors. [2] In his representative capacity a trustee may assert claims, avoid preferences and collect assets where the bankrupt, if bankruptcy had not intervened, could not act. [3] Finding that the bankrupt has borrowed money upon collaterals in excess of the debt, we see no reason why the trustee may not, out of the funds in his hands, pay the debt and divide the balance realized from the transaction among the general creditors, even though the bankrupt would be precluded from so acting. If we hold otherwise, the act of the trustee, instead of inuring to the benefit of the estate, is a distinct disadvantage, depleting its funds for the benefit of other holders of the MacLea notes and collaterals. We agree with the District Judge in the following conclusion:

"The proper inquiry is in what right is any given claim advanced? If it is the bankrupt's claim then truly the trustee must stand in that bankrupt's shoes; but if it is his own claim, depending on his own acts created by himself, or by the statute he does not represent the bankrupt, and his rights are not to be measured by those of the bankrupt. If Kessler had discharged the loan made by the City Bank, he could not have claimed to be subrogated to the pledgee's rights of the bank in the MacLea notes, because he was a principal debtor—doing no more than the law expected him to do in paying his own debts. The trustee was not the City Bank's debtor; when he paid off that debt, he was making an investment with the money of the general creditors, and as their fiduciary agent, and I perceive no legal reason why on general principles of equity, and in accordance with the spirit of section 67, subds. "c" and "f" of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3450]), he may not be held to be subrogated to the rights of the City Bank in the MacLea notes."

The order is affirmed with costs.