PETER P. HEGARTY, Appellant, v. J. R. MAUDSLEY, Appellee.

**LANDLORD AND TENANT: Lien—Confusion of Accounts—Waiver.**
1  A landlord's lien for rent is measured by the amount which
he shows is due as *rent*. Therefore the lien is wholly waived
if the accounts relating to rent and other matters are so inter-
mingled that the amount due as *rent* does not clearly appear.

*Appeal from Kossuth District Court.*—HON. N. J. LEE, Judge.

.  SATURDAY, DECEMBER 19, 1914.      .

ACTION to recover $110.00 for corn sold to defendant by
David Hegarty, a son of plaintiff, and who had been a tenant
on plaintiff's farm during a part of the year 1911. At the
close of the testimony the court sustained defendant's motion
for a directed verdict; judgment was rendered against plaintiff
for costs, and he appeals.—*Affirmed.*

*W. B. Quarton,* for appellant.

*Sullivan & McMahon* and *E. A. Morling,* for appellee.

PRESTON, J.—I. There are three assignments of error.
The first does not comply with the rules. The second assign-
ment is, that the court erred in overruling plaintiff's motion
to strike the cross-examination of witness Brown. The part
of the testimony referred to is in regard to what other corn
was on the farm other than that bought by defendant, and it
was sought to exclude it because irrelevant and immaterial,
and not proper cross-examination. All the evidence of the
witness was not objected to. Witness testified, without objec-
tion, that all the corn he husked was left on the place, except
what was taken by Maudsley, and then the question was asked
as to how much there was left, then the objection, and the
witness answered that he did not know. Plaintiff did object

to the questions as to the length of the corn cribs, but this is not included in the motion to strike. There was nothing in the testimony of the witness covered by the motion to strike out. Furthermore, we think the evidence was proper cross-examination, and still further, the motion to direct verdict was properly sustained on the merits, so that the ruling on this motion was without prejudice.

II. Plaintiff introduced in evidence the written lease for his farm to two sons, David and Henry, to run for ten years, beginning with 1911. In a short time Henry sold out to David, and plaintiff testifies that he was willing Henry should do that, and that David should stay on the place for the year 1911, provided he would quit drinking, which David did not do. This lease contains a provision for forfeiture of the lease by plaintiff if the rent is not paid and if the lessees did not comply with the terms of the lease. As a witness, plaintiff testified that the lease was for one year, and that David did not quit drinking, and about November, 1911, abandoned the place. From the record, we think, under all the circumstances, the parties treated the lease as for one year only, and this was abandoned by David and assented to by plaintiff. Whereupon, plaintiff took possession of all the live stock and all the crops upon the place, and testifies that he had control and managed the property and farm up to the time of the trial, which was November, 1913, and that he had not seen his son since he left the place.

This action was commenced February 6, 1913, more than a year after David had abandoned. We think there can be no question but that the farm was abandoned and assented to by the parties about December 1, 1911.

There were six grounds in the motion to direct a verdict and they are, in substance: That plaintiff waived his alleged lien because he expected the grain to be sold by his son, and gave notice to dealers to pay him for the same; that there was a surrender and abandonment of the premises, and acceptance, and that the lease and term expired by surrender and mutual

consent more than six months before this action was commenced; that the action was not commenced within one year after the time when it is claimed the rent became due; that plaintiff agreed to and acquiesced in various sales of property by the tenant and waived his lien on the corn in controversy; that there has been no settlement between plaintiff and his tenant, and it is not shown there is anything due for rent; and lastly, that the evidence of plaintiff affirmatively shows that he has received a large amount of property and money and has received credit of various sums on account of grain and other property sold and delivered, and he has received all of the tenant's property and now has it, and from the evidence it cannot be determined that there is anything due.

Defendant admits that he purchased 212 bushels of corn of the tenant, which was hauled from the plaintiff's land, and that he purchased it in November, 1911, and paid the son for it at the time.

We shall notice only one or two of the grounds for the motion which we think are well taken. The rent for the full year was $1,000.00. Plaintiff received payments upon this, which he admits and his counsel concede in argument to be $781.80, leaving as now claimed a balance of $218.20. But the evidence is undisputed that plaintiff took possession of all the live stock and crops left on the premises by his son, that plaintiff received other moneys from crops which were raised by the son, and that plaintiff paid, or directed to be paid, $80.00 for digging a well, that he fed some of the grain to his stock, that he took possession of two stacks of hay, of which plaintiff says he does not know the amount or value; 250 bushels of corn not accounted for; out of the money received he took pay for corn and oats furnished to his son before the son moved on the place. There are other like items which we have not referred to. There has been no accounting or settlement between the plaintiff and his son. The items above referred to have reference to grain and crops. As to the live

1. LANDLORD AND TENANT: lien: confusion of accounts: waiver.

stock, it should be said that plaintiff claims such property belongs to him; that he had never sold it to the son, but only permitted his son to use it. It is clear to us, from all the circumstances, some of which we have enumerated, that plaintiff has so blended his accounts with reference to the rent for the year 1911 with other items that he has waived any lien he might have had. It has been held that in order to have a lien for rent the landlord must show that his claim is for rent, and if he so blends the rent account with other items that it is impossible to separate the one from the other, or if he so confuses them that when payments are made it is impossible to say which is paid, the rent or some of the other items, he is presumed to have waived his right to a lien. *Smith v. Dayton,* 94 Iowa 102, 107; *Bank v. Flynn,* 117 Iowa 493, 497.

From the evidence, plaintiff did not establish that there was anything due for rent. The motion to direct was well taken on these grounds, and we think on at least some of the others, which we deem it unnecessary to consider. The judgment is—*Affirmed.*

LADD, C. J., EVANS and WEAVER, JJ., concur.