[L. A. No. 6448. Department Two.—February 21, 1921.]

ERNEST U. SCHROETER, Trustee, etc., Respondent, v. W. F. ABBOTT et al., Defendants; J. G. SYNDER, Appellant.

[L. A. No. 6449. Department Two.—February 21, 1921.]

ERNEST U. SCHROETER, Trustee, etc., Respondent, v. W. F. ABBOTT et al., Defendants; J. G. SNYDER, as Executor, etc., Appellant.

[1] CORPORATIONS — RECOVERY OF UNPAID STOCK SUBSCRIPTIONS— SEPARATE ACTIONS AT LAW.—Where individual subscriptions to corporate stock are several and independent contracts, the corporation cannot bring a single suit in equity against all the subscribers to recover the unpaid balances, although a very large number of actions at law would be required.

[2] ID.—TRUSTEE OF BANKRUPT CORPORATION—COLLECTION OF UNPAID SUBSCRIPTIONS—REPRESENTATIVE OF CREDITORS.—A trustee of a bankrupt corporation in the collection of unpaid stock subscriptions does not represent the corporation, but represents the creditors.

[3] ID.—RIGHTS AND REMEDIES OF TRUSTEE IN STATE COURTS.—While a trustee of a bankrupt corporation must resort to the courts of the state where the bankrupt resides, he may therein enforce rights and avail himself of remedies which are open to him as a representative of the creditors of the bankrupt which might not be available to the corporation itself.

[4] ID.—RECOVERY OF UNPAID SUBSCRIPTIONS BY JUDGMENT CREDITOR— ACTION IN EQUITY.—A judgment creditor of a corporation may maintain an action in equity in the nature of a creditor's bill against the stockholders of a corporation to recover for the benefit of creditors the amount due on unpaid subscriptions to the capital stock of the corporation.

[5] PLEADING — INDEPENDENT CLAIMS AGAINST NUMEROUS DEFENDANTS—JOINDER—EQUITY.—While it is ordinarily true that equity will not intervene merely to prevent a multiplicity of suits where the claims against numerous defendants are independent of each other and constitute entirely separate causes of action at law, yet such joinder in an equitable proceeding is frequently recognized even where there is a complete several liability at law, if the demands arise from a common source and involve the same general issues of law and fact.

[6] ID.—ACTION FOR RECOVERY OF UNPAID SUBSCRIPTIONS—MISJOINDER OF DEFENDANTS—RESIDENCE IN DIFFERENT COUNTY—REMEDY.—In an action to recover unpaid subscriptions to capital stock of a corporation, the remedy of defendants who reside in a different county from that in which the action is brought for such misjoinder is by demurrer or answer, and they have no right to take plaintiff's cause so far as it affects defendants properly sued in the county to another county for trial.

APPEALS from judgments of the Superior Court of San Bernardino County denying applications for change of place of trial. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tobias R. Archer for Appellant.

Wm. B. Ogden and Walter E. Byrne for Respondent.

SLOANE, J.—The appellants above named were joined with numerous other defendants in an action to recover unpaid subscriptions to capital stock of a corporation, the Gibraltar Investment & Home Building Company, which action was begun in the superior court of the county of San Bernardino. They have prosecuted separate appeals from orders of the court denying their individual applications for change of venue to the county of Los Angeles, where they reside.

As the two appeals are identical in the law and the facts involved, they are here disposed of together.

The grounds of the motion for change of place of trial were that the petitioners were residents of the county of Los Angeles, and that none of the other parties joined with them as defendants were necessary parties to the cause of action set out in the complaint against the petitioners.

The plaintiff in the action was the trustee in bankruptcy in the matter of the Gibraltar Investment & Home Building Company in bankruptcy proceedings pending in the United States district court for the southern district of California. The defendants, upward of one hundred in number, were joined in a single action to recover for the bankrupt estate their several unpaid subscriptions to the capital stock of the corporation.

No showing was made by affidavit or otherwise that all or any of the defendants other than the petitioners were nonresidents of San Bernardino county. None of the other defendants join in the application for change of place of trial.

The sole ground to be considered, therefore, is as to whether or not petitioners were properly joined under the complaint in the same action with the other defendants. It clearly appears that the individual subscriptions to the corporate stock were several and independent contracts, that each constituted a separate cause of action, and that none of the other defendants was a necessary party to an action at law upon the individual subscription of either of the petitioners. Appellants' contention that they are improperly joined with the other defendants is urged upon the authority of *Kelley, Trustee,* v. *Gill,* 245 U. S. 116, [62 L. Ed. 185, 38 Sup. Ct. Rep. 38], instituted in the federal courts and involving these same subscriptions. The trustee had been authorized in the bankruptcy proceedings to institute a suit in equity to enforce collection thereof in the United States district court. The action was dismissed by the United States circuit court for want of jurisdiction. The ground of dismissal was found in the Bankruptcy Act, which confers upon the court of bankruptcy jurisdiction "to cause the estates of bankrupts to be collected, reduced to money and distributed, etc.," but prohibits the trustee (with exceptions not here applicable) from "prosecuting without the consent of the proposed defendant a suit in a court other than that in which the bankrupt might have brought it, had bankruptcy not intervened." The court in its opinion further says: "The corporation is a citizen of California. It could not have sued the stockholders except in the state courts. The court of bankruptcy was therefore without jurisdiction." This would seem to be all that was necessary to the decision of the matter before the United States circuit court. It, however, proceeds to deal with the nature of the right of action on the part of the corporation in the state courts in the following language, which the appellants claim is decisive on these appeals: "The cause of action sued on is the failure of the several stockholders to perform their several unconditional promises to pay definite amounts at fixed times which have elapsed. The amount payable by one is in no way dependent upon what is due from another.

The corporation has a separate right against each alleged stockholder; and the remedy open to it was separate action at law against each." [1] The trustee rightly assumes that the corporation could not have brought a single suit in equity against all these stockholders, although a very large number of actions at law would be required to make collection of the balances unpaid on the stock. There was no common issue between these alleged stockholders and the corporation; and the liability of each would have presented a separate controversy unconnected with that of any other. Thus elements essential to jurisdiction in equity to avoid a multiplicity of actions at law by the corporation were lacking (*St. Louis, I. M. & S. Ry. Co.* v. *McKnight,* 244 U. S. 368, 375, [61 L. Ed. 1200, 37 Sup. Ct. Rep. 611]). "That lack is not supplied by the assignment to the trustee . . . For him, also, the appropriate remedy was a separate action at law against each stockholder."

It is urged by respondents that the portion of this opinion last quoted is *dictum.* Conceding that it correctly states the law as to the rights of the corporation in prosecuting these claims in its own behalf, it may be doubted if it in any way curtails the right of the trustee to pursue whatever remedy is given him under the laws of California to prosecute claims of this kind in behalf of the creditors of the bankrupt corporation. The bankrupt act merely relegates the trustee to the court to which the corporation might have resorted, but does not determine the rules of practice and procedure which would govern in such cases. The obvious purpose of this limitation is to prevent subjecting creditors of a bankrupt to greater hardship and inconvenience than would obtain if they were sued under like conditions in the courts to which the corporation might resort.

[2] The trustee is not representing the bankrupt corporation in collecting these unpaid subscriptions, but is representing the creditors. (*In re V. & M. Lumber Co.,* 182 Fed. 231; *In re Kessler,* 186 Fed. 127, [108 C. C. A. 239]; *Babbitt* v. *Read,* 215 Fed. 395.)

[3] While the trustee is relegated to the forum of the bankrupt estate to enforce collections, he is not necessarily subject to the limitations of the bankrupt corporation, in the form of his action or the nature of the relief sought. Creditors' rights, which are enforceable under state laws, accrue to a trustee in bankruptcy, and he may maintain

or defend proceedings and collect assets under circumstances where the bankrupt would not be at liberty to act. (*Courtney* v. *Fidelity Trust Co.,* 219 Fed. 57, [134 C. C. A. 595]; *In re Kessler, supra; In re De Noyess Shoe Co.,* 210 Fed. 533.) In other words, while the trustee must resort to the courts of the state where the bankrupt resides, he may therein enforce rights and avail himself of remedies which are open to him as a representative of the creditors of the corporation which might not be available to the corporation itself. (*Bardes* v. *Hawardan Bank,* 178 U. S. 524, [44 L. Ed. 1175, 20 Sup. Ct. Rep. 1000, see, also, Rose's U. S. Notes]; *Hicks* v. *Knost,* 178 U. S. 541, [44 L. Ed. 1183, 20 Sup. Ct. Rep. 1006].) Section 47, chapter 5, of the Bankruptcy Act provides that the trustee has power to collect and reduce to money the property of the estate, "and shall be deemed vested with all rights, remedies, and powers of a judgment creditor holding an execution duly returned and unsatisfied."

[4] It is well settled in this state that a judgment creditor of a corporation so situated may maintain an action in equity in the nature of a creditors' bill against the stockholders of a corporation to recover for the benefit of creditors the amount due on unpaid subscriptions to the capital stock of the corporation. As this court has said, "The action is sustained on the principle that such unpaid subscriptions are a part of the capital stock of the corporation and, like other debts due to it, constitute a fund to which creditors may look for payment of their claims, and when the corporation neglects to call them in a court of equity will enforce their payment, and the fact that the creditor has a concurrent remedy by an action at law on the contract does not deprive him of his right to proceed in equity." (*Harmon* v. *Page,* 62 Cal. 448; *Baines* v. *Babcock,* 95 Cal. 581, [29 Am. St. Rep. 158, 27 Pac. 674, 30 Pac. 776]; *Welch* v. *Sargent,* 127 Cal. 72, [59 Pac. 319]; *Blood* v. *La Serena L. & W. Co.,* 150 Cal. 764, [89 Pac. 1090]; *Potter* v. *Deer,* 95 Cal. 578, [30 Pac. 777].) Though objection has been made in this form of action for failure to join all the subscribers as parties defendant (*Blood* v. *La Serena L. & W. Co., supra; Baines* v. *Babcock, supra*), we find no instance where it has been contended or held that all persons liable for unpaid subscriptions were not properly joined in such creditors' bill.

[5]    While it is ordinarily true that equity will not intervene merely to prevent a multiplicity of suits where the claims against numerous defendants are independent of each other and constitute entirely separate causes of action at law, yet such joinder in an equitable proceeding is frequently recognized even where there is a complete several liability at law, if the demands arise from a common source and involve the same general issues of law and fact, as in the present case, where all the subscriptions sued on were made in consideration of capital stock of the bankrupt corporation.    (Pomeroy's Equity Jurisprudence, secs. 114, 251, 269; *Bailey* v. *Tillinghast,* 99 Fed. 801, [40 C. C. A. 93]; *Way* v. *Bragaw,* 16 N. J. Eq. 213, [84 Am. Dec. 147]; *Boyd* v. *Hoyt,* 5 Paige, 78; 7 R. C. L., pp. 352, 381; *Vermont Marble Works Co.* v. *Declez,* 135 Cal. 579, [87 Am. St. Rep. 143, 56 L. R. A. 728, 67 Pac. 1057]; *People* v. *Morrill,* 26 Cal. 336, 361; *Wilson* v. *Castro,* 31 Cal. 420, 428; *Whitehead* v. *Sweet,* 126 Cal. 67, 77, [58 Pac. 376].)

[6]    In any event, we fail to see how the defendants, if improperly joined in this action, can obtain relief by a transfer of the action to another county.    So far as appears all the numerous other defendants in this action are residents of San Bernardino County, and properly sued there. If a change of venue is granted it becomes the duty of the court, under section 399 of the Code of Civil Procedure, to transfer all the pleadings and papers to the court to which the change is granted and thereafter that court has jurisdiction of the entire action "as if it had been originally commenced therein."    There is no means provided to segregate defendants improperly joined in an action under proceedings for a change of place of trial.    If improperly joined in this action appellants' remedy would seem to be by demurrer or answer.    They have no right to take plaintiff's cause so far as it affects defendants properly sued in San Bernardino County to another county for trial.

The judgment is affirmed.

Lennon, J., and Wilbur, J., concurred.

Hearing in Bank denied.

All the Justices concurred.