[Civ. No. 620. Fourth Appellate District.—January 27, 1932.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. DAN GILKEY et al., Defendants; E. A. LYNCH, Trustee, etc., Respondent.

R. L. Horton, Joseph K. Horton, C. S. Anderson and Horton, Anderson, Horton & Armstrong for Appellant.

Hahn & Hahn and Hiram E. Casey for Respondent.

LAMBERT, J., *pro tem.*—This is an appeal by the plaintiff and appellant Hammond Lumber Company from an order setting aside a judgment of foreclosure in a mechanic's lien case, which judgment had been entered after a default of the defendants against which the judgment was rendered had been duly entered by the clerk of the court. This case, Civil No. 620, is a companion case to Civil No. 621, *Hammond Lumber Co.* v. *Strolsee, post,* p. 766 [7 Pac. (2d) 727] and as the issues in both cases are identical, it was stipulated that the cases be heard on one reporter's transcript and one set of briefs. The appellant in this case brought an action against Dan Gilkey, Charles G. Strolsee, One Doe Company, a corporation, Two Doe Company, a corporation, One Doe, Two Doe and Three Doe. The complaint was afterward amended by inserting the name of the Parkridge Country Club, a corporation, in the place of the fictitious name One Doe Company, a corporation, and by inserting the name of Eva Gilkey in place of the fictitious name of One Doe. Other amendments were made which will be mentioned later. A chronological statement of the various papers filed and proceedings will help to make the situation clear.

1. The appellant filed its complaint to foreclose the lien on November 21, 1927;

2. Petitions in bankruptcy were filed against Dan Gilkey and the Parkridge Country Club, November 10, 1927;

3. The defaults against Dan Gilkey and the Parkridge Country Club in this case, numbered in the trial court 17,403, were entered on September 5, 1928;

4. The defaults of the defendants Dan Gilkey and Parkridge Country Club in the companion case, numbered in the trial court 17,402, were entered on August 30, 1928;

5. Judgment of foreclosure was entered by the court against Dan Gilkey and Parkridge County Club on October 13, 1928;

6. The court, at the request of appellant, set aside the judgment of foreclosure and dismissal of the fictitious defendants (did not set aside the defaults), April 10, 1929;

7. Dan Gilkey and the Parkridge Country Club were adjudicated bankrupts July 15, 1929;

8. E. A. Lynch, the respondent herein, qualified as trustee on August 30, 1929;

9. The complaint was amended by inserting the names of Howard E. Williams and Title Guarantee and Trust Co. in the place of the fictitious defendants Two Doe Company, a corporation, and One Doe, September 20, 1929;

10. The default of Williams and the title company was entered September 20, 1929;

11. The judgment of foreclosure which the court set aside and involved in this appeal was entered November 21, 1929;

12. An order making the trustee Lynch a party defendant was made November 22, 1929;

13. The motion to vacate this judgment was made and noticed for hearing and granted and minute order entered December 16, 1929;

14. The written order granting the motion to vacate the judgment and permitting the trustee to file pleadings was entered December 28, 1929.

The appellant's main contention on this appeal is that inasmuch as the judgments of foreclosure entered pursuant to the defaults of the defendants Gilkey and Parkridge Country Club, the bankrupts, were entered more than six months, in fact over fourteen months, after their defaults were entered, that under the provisions of section 473 of the Code of Civil Procedure, the trial court had no power

to set aside the judgment entered on the defaults, the defaults never having been set aside. If this motion had been made by the defendants there would, of course, be no answer to appellant's contention, for it has been decided in many cases that a motion such as this, if made by the defendant, must be made within six months after the entry of the default. (*Title Ins. etc. Co.* v. *King Land & Imp. Co.*, 162 Cal. 44 [120 Pac. 1066]; *Brooks* v. *Nelson,* 95 Cal. App. 144, at p. 147 [272 Pac. 610, 611].) In the last-mentioned case it is said:

"A defendant against whom a default has been entered is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings or move for a new trial, or demand notice of subsequent proceedings. (*Title Ins. Co.* v. *King Land Co., supra; Christerson* v. *French,* 180 Cal. 523 [182 Pac. 27]; *Lunnun* v. *Morris,* 7 Cal. App. 710 [95 Pac. 907]; *Green* v. *Rogers,* 18 Cal. App. 572 [123 Pac. 974].) If the judgment were vacated it would be the duty of the court immediately to render another judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto. (*Title Ins. Co.* v. *King Land Co., supra.*)" (See, also, *Hunt, Mirk & Co., Inc.,* v. *Hesperides Min. Co.,* 200 Cal. 382 [253 Pac. 317].)

We believe, however, that respondent here stands in a different position than the original defendants in the case. It will be noted that on the 22d of November, 1929, the trial court made an order permitting E. A. Lynch as trustee in bankruptcy for the defendants Dan Gilkey and Parkridge Country Club, a corporation, to become a party defendant in the action. We think this order was proper and it is not attacked in this proceeding. Section 389 of the Code of Civil Procedure provides for this very thing.

"Court, when to decide controversy or to order other parties to be brought in. The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings, or a cross-

complaint to be filed, and summons thereon to be issued and served. And when, in an action for the recovery of real or personal property, or to determine conflicting claims thereto, a person, not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be brought in, by the proper amendment. [Amendment approved 1907; Stats. 1907, p. 704.]."

The plaintiff was asserting a lien on real property, title to which, subject to whatever lien plaintiff might establish, had vested in the defendant trustee, and it seems to us that the trustee in bankruptcy should have the right to be heard in this matter as long as the property on which the lien was impressed by the judgment had not actually been sold under execution and was still under the jurisdiction of the trial court. As such trustee Lynch would be vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings therein, and also as to all property not in the custody of the bankruptcy court, and also would be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied in accordance with the bankruptcy law. (U. S. Code Ann., tit. 11, sec. 75, July 1, 1898, chap. 541, sec. 47, 30 Stats. 557, Feb. 5, 1903; chap. 487, sec. 10, 32 Stats. 799; June 25, 1910; chap. 412, sec. 8, 36 Stats. 840.) While it is true, as contended by appellant, that a trustee in bankruptcy succeeds to the title of the bankrupt, it is not true that he does for that reason act as the agent or representative of the bankrupt in the subsequent proceedings, except only in the matter of setting apart to him the exemptions allowed by law. For all other purposes the trustee is the representative of the creditors, and them only, and not in any sense of the bankrupt. (*In re Kessler,* 186 Fed. 127 [108 C. C. A. 239]; *Farmers & Merchants Nat. Bank* v. *Sexton,* 228 U. S. 634 [57 L. Ed. 998, 33 Sup. Ct. Rep. 725]; *Mechanics & Traders Ins. Co.* v. *McVay,* 142 Ark. 522 [219 S. W. 34].) It has also been held that a trustee in bankruptcy may assert or contest claims and rights to property, maintain or defend proceedings under circumstances where the bankrupt himself would not be at liberty to act. (*In re Kessler, supra.*) In *Dambmann* v. *White,* 48 Cal. 439, which is a case relative to the

power and capacity of an assignee in bankruptcy to recover the assets of the bankrupt under the old law, it is said: "Whatever right the bankrupt had is assigned to and vests in the assignee, who thereby becomes, for the purpose of maintaining or defending suits, 'possessed as of his own property' of the estate assigned to him. It is true he holds the title and the property when recovered in trust for certain purposes specified in the statute. But as between him and a stranger he holds the title, and may assert it in the same form of action as though he owned the fee."

*First Nat. Bank of Sioux City* v. *Flynn,* 117 Iowa, 493 [91 N. W. 784, 785], is a case wherein an action was brought to recover rent alleged to be due under lease and to enforce a landlord's lien therefor against the L. Humbert Company. One Flynn, as trustee in bankruptcy of the defendant company, sought to controvert plaintiff's right to a lien, and judgment was rendered for plaintiff, establishing its lien as to a portion of the land claimed. Section 3790 of the code of Iowa (1897) provided that a default could not be set aside unless a motion to set aside was made during the term of court in which it had been entered. In passing upon this question the court used the following language, in connection with the right of the court to set aside the default: "Plaintiff contends that as Flynn, trustee, did not file his motion and answer until the next term after the default was granted, he was not entitled to relief. (Code, sec. 3790.) . . . the trustee's application was not an ordinary motion to set aside a default, which could be made only by the defendant against whom the default was rendered, but was in reality an intervention in behalf of the creditors of the bankrupt's estate to contest plaintiff's claim and its right to a lien. That the state court had the inherent power to entertain such an application, so long as the case was pending before it, cannot be doubted. (*Heath* v. *Shaffer,* (D. C.) 93 Fed. 647.) That the state court still had jurisdiction of the attached property, and the power to determine what disposition should be made of it, clearly appears; for, although the judgment on default was formally a final adjudication, it is shown that at the time such judgment was rendered, and also at the time when the trustee sought to assert his right to the property, the sheriff had not only not sold the attached property under special execution, but

as a matter of fact had not yet made return to the court of the writ of attachment under which the property had been seized.''

After a careful consideration of the question, we believe that the trustee's right in this case to appear and defend the action is not to be measured by the right that the original defendants may have had. The plaintiff was claiming a lien on the property by virtue of its mechanic's lien and the defendant trustee in bankruptcy is contending that this lien is invalid and it would seem to be his duty to make this contention in behalf of the creditors of the estate. We think, therefore, that the time limited by section 473 of the Code of Civil Procedure, as to the defendants Gilkey and Parkridge Country Club, is not applicable to this case. It is undoubtedly true, as contended by appellant, that a suit to enforce a mechanic's lien may be brought without joining the trustee, and that generally speaking a federal court would not enjoin or stay a suit to enforce a lien on real property of the bankrupt. But there is nothing in this to prevent the trustee from appearing in the suit and contesting the validity of the lien. We think that the right of the holder of the lien to enforce it presupposes a valid and enforceable lien, and that the trustee has the right to inquire into all liens sought to be enforced against the bankrupt's property. We have been unable to find any authority to the contrary, and this rule would seem to be founded on reason and justice and supported in principle by the case of *Noyes* v. *Bank of Italy,* 206 Cal. 266 [274 Pac. 68]. In this case the trustee in bankruptcy brought a suit for conversion against the bank by reason of its having converted certain property covered by a void chattel mortgage. The court, at page 270, says:

''Even if it be assumed that a mortgage void as to creditors pursuant to the plain terms of the statute could be transformed into a valid mortgage by the mortgagee seizing the mortgaged property or by otherwise taking possession of the same with the consent of the mortgagor and thus shut out general creditors or creditors not possessing a lien or armed with process, yet we are satisfied that it was the intention of the Bankruptcy Act to safeguard the rights of such general creditors by giving the trustee the status of a lien creditor and also to prevent the mortgagee from

defeating the rights of the creditors of the bankrupt by contending that such creditors were general creditors only. It seems reasonable to conclude, also, that the purpose of the Bankruptcy Act in vesting power in the trustee to attack a chattel mortgage void under the statute was to render ineffectual as to creditors the act of the mortgagee in taking possession of the property before the commencement of the bankruptcy proceedings. In other words, the trustee was intended to be placed in the position of a lien creditor who would, but for the bankruptcy proceeding, be entitled to attack the alleged void mortgage and to enable him to protect the interests of general creditors against *invalid liens* (italics ours), unlawful transfers, etc.''

And as stated in *Noyes* v. *Bank of Italy, supra,* the Supreme Court of the United States has held that under the Bankruptcy Act the trustee acquired a lien status as of the time when the petition in bankruptcy was filed (*Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268 [60 L. Ed. 275. 36 Sup. Ct. Rep. 50] ; *Martin* v. *Commercial Nat. Bank,* 245 U. S. 513 [62 L. Ed. 441, 38 Sup. Ct. Rep. 176] ; 4 Cal. Jur., pp. 59, 60, 62, 63, and cases cited).

 The application for relief and motion to vacate was promptly made and was made upon the affidavit of Joseph G. Pyle, and the demurrer filed by the trustee against the amended complaint. Thereafter affidavits by various attorneys on both sides of the case were filed touching the question of the understanding as to the judgment and the bankruptcy proceedings. The trial court has decided the conflict in these affidavits in favor of respondent and unless there has been an abuse of discretion we may not disturb the order on this ground. The rule in such cases is laid down clearly in *Ingrim* v. *Epperson,* 137 Cal. 370, at 372 [70 Pac. 165], in the following language: ''The rule has been so often declared as not to need the citation of authorities that the action of the superior court upon an application to set aside a default or grant relief therefrom rests so largely in its discretion that it will not be disturbed on appeal, unless it shall be made clearly to appear that there was an abuse of this discretion. While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. This observation has been in the nature

of advice to the superior court, and not for the purpose of compelling it to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed."

Many other matters are discussed in the briefs, but we think what we have said is controling and decisive of the case.

The order of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 24, 1932.