The petitioner is ordered discharged from custody.

Wood, J., and Vallée, J., concurred.

[Civ. No. 7644.   Third Dist.   Nov. 2, 1949.]

J. A. MANTER et al., Respondents, v. D. E. HOWARD et al., Appellants.

Gendel & Chichester for Appellants.

Carr & Kennedy for Respondents.

THOMPSON, J.—Defendant, D. E. Howard, has appealed from a judgment rendered against him and from the order denying his application to vacate and set aside the judgment under section 473 of the Code of Civil Procedure. George T. Goggin, trustee of the bankrupt estate of the defendant, has also appealed from the order refusing his motion to vacate and set aside the judgment.

Plaintiffs brought suit in Shasta County September 4, 1947, for $30,318.18, for money due on the purchase of lumber. Messrs. Carr & Kennedy appeared as attorneys for the plaintiffs. An attachment was issued against the defendant's property, which was released upon his furnishing bond for $17,500. Defendant answered, admitting the purchase of the lumber, but alleged that it was unfit for use to a large extent on account of deterioration and dry rot. In a counterclaim defendant asked for damages and credit on the purchase price which when set off against plaintiffs' demand would leave a balance in favor of the defendants. Mr. Glenn E. Newton appeared as attorney for the defendants. Plaintiffs' attorneys were notified that unless the defendant, D. E. Howard, could reorganize his business he would be forced into bankruptcy. The case was first set for trial for May, 1948, but was twice

continued on motion of the defendants. The defendants demanded a jury trial, which was refused. The case was finally set for trial for June 8, 1948. June 4, 1948, the defendant Howard filed a petition in bankruptcy in the United States District Court in Los Angeles and was thereupon adjudged a bankrupt. On June 7th Mr. Newton received notice from Sherman W. Sheppard, attorney for the defendant Howard in Southern California, of the filing of said petition and the proceedings thereon. Upon order to show cause, the referee in bankruptcy issued a restraining order against the plaintiff Manter and his attorneys, enjoining them from proceeding with said trial in Shasta County, and from further proceedings until the ''Discharge in Bankruptcy'' of the defendant doing business as Mill Products Company ''is determined.'' That restraining order was personally served on plaintiff and his attorneys ''in open court,'' and called to the attention of the trial judge on June 8, 1948, when the case came on for trial. Mr. Newton was then present. In effect, he objected to the trial, although he did not specifically so state. When it became evident that the case would then be tried, Mr. Newton asked the court to permit him to withdraw as an attorney for the defendant, which was refused on the ground that the application did not conform to the provisions of section 284 of the Code of Civil Procedure. Mr. Newton then said, ''I want the record to show that my name be withdrawn as attorney in the case.'' Without objection Mr. Newton then withdrew from the courtroom and did not participate in the proceedings which followed. Mr. Carr, the attorney for plaintiff, who was then present, said he would not like to participate in the trial in view of the restraining order against him and his client. The judge then said, with respect to the restraining order, ''I believe (it) is invalid. . . . It is not addressed to the Court. I am not being restrained here.'' Mr. Carr did not participate in the proceedings of the trial. But the court called to the stand and personally examined three of plaintiffs' witnesses who were then in court. No one appeared as attorney for either side. There was no cross-examination of witnesses. Upon completion of the testimony, the court awarded judgment for plaintiffs in the sum of $12,818.18 and costs in the sum of $397.75. Defendants' counterclaim was denied. No findings were adopted. The judgment to that effect was signed, filed and entered September 20, 1948.

On June 30, 1948, George T. Goggin was appointed and qualified as trustee in bankruptcy and under the bankruptcy

laws was authorized to appear and defend, in behalf of the bankruptcy estate, in any pending suit. Upon due notice, the defendants moved on October 11, 1948, to vacate and set aside the judgment and for relief therefrom under section 473 of the Code of Civil Procedure, on the ground of mistake, inadvertence, surprise and excusable neglect. At the same time, the trustee in bankruptcy of defendant's estate also moved for relief from the judgment on the same grounds. The motions were heard on affidavits averring the proceedings in detail, including the preceding statement of facts. The motions were denied. From the judgment and the orders denying relief this appeal was perfected.

It is contended the court abused its discretion in denying said motions for relief, and that the judgment is void for lack of due process.

█ We are convinced the court abused its discretion in refusing to set aside the judgment and in denying relief therefrom, under the circumstances of this case. After an adjudication of bankruptcy, of which the court had actual notice, the trial judge examined the witnesses and decided the case against the defendant on his counterclaim in the absence of the defendant and his attorney. Defendant and his attorney had a right to assume that the restraining order against plaintiff and his attorneys would result in a continuance of the trial. We may not presume they were not in good faith in failing to procure the attendance of their witnesses at that hearing. The court knew that the defendants were then unable to proceed with the trial. Even though the restraining order may have been voidable, which is unnecessary for us to determine, the fact remains that defendants did not have their day in court. The doctrine of comity entitled that restraining order to full respect until it was set aside or modified in a proper proceeding. Plaintiffs' attorney recognized that fact. Mr. Carr said: "We should be entitled to a brief continuance for the purpose of having that order dissolved." The continuance was not granted. It was stated by Mr. Carr that, in his belief, there was a lack of jurisdiction to make that order.

█ It would seem that a challenge to the jurisdiction of the bankruptcy court to make the order should be presented to the federal court for determination. With respect to the question of jurisdiction of the federal court to determine the merits of a petition for removal of a case, it has been held that the issue of fact raised by the pleadings "may be determined

only by the federal court'' (*Chesapeake & Ohio R. Co.* v. *Cockrell*, 232 U.S. 146 [34 S.Ct. 278, 58 L.Ed. 544] ; *Queensboro National Bank* v. *Kelly*, D. C., 15 F.2d 395) and that after its determination by that court the state court is bound by that decision. (*Chesapeake & O. R. Co.* v. *McCabe*, 213 U.S. 207 [29 S.Ct. 430, 53 L.Ed. 765].) No such procedure was adopted in the present case. The court failed to grant a continuance for that purpose. Not only was the defendant prejudiced by the court's procedure in this case, but the creditors of the bankrupt were thereby deprived of their defense to the action, and of their day in court upon the merits of their counterclaim.

Immediately, upon the adjudication of bankruptcy in this case, the federal court was vested with authority and control, for the benefit of the creditors, over all property of the bankrupt, wherever found, including the chose in action involved in the pending suit. (*Nuckolls* v. *Bank of California*, 10 Cal.2d 266, 274 [74 P.2d 264, 114 A.L.R. 708] ; *Wells* v. *California Tomato Juice, Inc.*, 47 Cal.App.2d 634, 636 [118 P.2d 916].) In the Wells case it is said in that regard, quoting with approval from *Straton* v. *New*, 283 U.S. 318 [51 S.Ct. 465, 75 L.Ed. 1060] :

'' 'The purpose of the Bankruptcy Law, . . . is to place the property of the bankrupt, *wherever found*, under the control of the court, for equal distribution among the creditors. The filing of the petition *is an assertion of jurisdiction* with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. This jurisdiction is exclusive within the field defined by the law, *and is so far in rem that the estate is regarded as in custodia legis from the filing of the petition. Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U.S. 300, 56 L.Ed. 208, 32 S.Ct. 96.' ''

To the same effect, see 5 Remington on Bankruptcy (4th ed.) section 2370, page 571; 30 Stats. 545, 11 U.S.C.A. section 11, page 74; 30 Stats. 565, 11 U.S.C.A. section 110, page 441.

The trustee, as an officer of the bankruptcy court, was vested with title to the bankrupt's property, and was authorized to represent the creditors in any pending litigation in which the bankrupt was interested. Regardless of the fact that the trustee was not a party to the pending suit in Shasta County, he was entitled to apply to the court under section 473 for relief from the judgment on the ground of mistake or inadvertence. (*Nuckolls* v. *Bank of California, supra*; *Hammond Lumber Co.* v. *Gilkey*, 120 Cal.App. 252 [7 P.2d 724];

*Schroeter* v. *Abbott,* 185 Cal. 146, 149 [196 P. 39].) The trustee did not have to be actually substituted as a party defendant to entitle him to represent the creditors in the Shasta County case. He could continue that litigation as trustee, in the name of the bankrupt, without actually becoming a party to the record. (*Williams* v. *Lane,* 158 Cal. 39, 42 [109 P. 873].)

The judgment and the orders denying relief are reversed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied December 1, 1949, and respondents' petition for a hearing by the Supreme Court was denied December 29, 1949.