Jack R. HANSON et al.,
Plaintiffs-Appellants,

v.

POLK COUNTY LAND, INC., et al.,
Defendants-Appellees.

No. 77–3282.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 1979.

Wayne H. Paris, Houston, Tex., for plaintiffs-appellants.

Hugh Rice Kelly, David M. Lacey, Houston, Tex., for defendants-appellees.

Before AINSWORTH, VANCE and ANDERSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants Jack and Jannette Hanson seek reversal of a summary judgment entered against them in their suit for damages against defendants Polk County Land, Inc. and B. C. Lively, brought under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq.* Because of procedural irregularity in the granting of the summary judgment motion, Rule 56(c), Fed. R.Civ.P. we reverse and remand.

On February 9, 1973, the Hansons purchased a subdivision lot from the defendants, paying the full purchase price and receiving title to the land by a deed. The Hansons did not at that time receive a property report concerning the land, as required by the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1703(a). Appellants maintain that the property report was promised to them, and contend that defendants made other promises concerning the subdivision lot that have never been kept. Specifically, the Hansons claim that defendants promised to clear out and stock a seven-acre lake in the subdivision, and build up and improve the roads in the project. Appellants also allege that defendants represented to them that the property would not flood and had not flooded since 1929, making it safe to build there. Defendants assert they never said that the property would not flood, only that it had not flooded since 1929.

Appellants built a vacation home on the property and the home flooded in June 1973. The property flooded again in November, and when Mr. Hanson complained

to the defendants, they paid to move his home to higher ground, and offered to rescind the sale, an offer the Hansons refused. When the Hansons finally received their property report in September of 1974, it showed that their land was flood prone. The other promises regarding the subdivision development, the Hansons contend, have been largely unkept.

In June 1975, the Hansons filed suit pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1709(a), (b).[1] The defendants answered the allegations of the suit and asserted an affirmative defense of the two-year statute of limitations under the Act. 15 U.S.C. § 1711. After full discovery, a pretrial conference was held September 12, 1977 in the judge's chambers, where the defendants moved orally for summary judgment on the ground that the action was time barred. The court excused counsel to check case law on the issue, and during a second conference that same day granted defendants' motion. No record was made of the proceedings in chambers. Appellants' counsel contends he objected strenuously to the procedure followed by the court in granting defendants' oral motion for summary judgment. Predictably, defense counsel's memory of the proceedings that day is to the contrary. He asserts that appellants' counsel failed to object to the lack of ten days' notice regarding the motion, and argues that even if proper objection were made, no prejudice resulted to

appellants by the court's ruling. Thereafter, a written motion for summary judgment was filed with the court on September 16, and a written opposition to the motion was filed September 22. That same day, the court rendered a written final judgment dismissing plaintiffs' complaint with prejudice.

Appellants contend on appeal that the trial court erred in granting summary judgment prior to the lapse of ten days from the time the motion was made. Rule 56(c), Fed.R.Civ.P. Additionally, plaintiffs argue that summary judgment was improper in that the pleadings and depositions on file with the court establish continuing violations of 15 U.S.C. § 1709(b)(1) which are not time barred, and raise a question of fact concerning the equitable tolling of the statute of limitations. Defendants contend that the pleadings and depositions before the court do not raise issues of equitable tolling of the statute of limitations or continuing violations of 15 U.S.C. § 1709(b)(1). Defendants finally assert that the lack of ten days' notice under Rule 56(c) is harmless error as appellants did not object to the premature nature of the ruling and were given the opportunity to be heard in opposition to the motion prior to the ruling.

We do not decide whether the record before us reflects disputed questions of fact concerning continuing violations of 15

1. 15 U.S.C. § 1709(a), (b) provides:

(a) Where any part of the statement of record, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein, any person acquiring a lot in the subdivision covered by such statement of record from the developer or his agent during such period the statement remained uncorrected (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue the developer.

(b) Any developer or agent, who sells or leases a lot in a subdivision—

(1) in violation of section 1703 of this title, or

(2) by means of a property report which contained an untrue statement of a material fact or omitted to state a material fact re-

quired to be stated therein, may be sued by the purchaser of such lot.

Section 1703 provides in pertinent part:

(a) It shall be unlawful for any developer or agent . . .

(2) in selling or leasing, or offering to sell or lease, any lot in a subdivision—

(A) to employ any device, scheme or artifice to defraud, or

(B) to obtain money or property by means of a material misrepresentation with respect to any information included in the statement of record or the property report or with respect to any other information pertinent to the lot or the subdivision and upon which the purchaser relies, or

(C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser.

U.S.C. § 1709(b)(1) and equitable tolling of the statute of limitations. Two procedural difficulties with the grant of summary judgment in this case require reversal. First, summary judgment was granted on an oral motion, and second, the ten-day notice requirement of Rule 56(c) was not satisfied.

■ Professors Wright and Miller state that, "[a]s is true of motions generally, a Rule 56 motion should be in writing and specify the grounds on which judgment is sought." 10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2719 at 455 (1973). The Ninth Circuit, in *Sequoia Union High School District*, 9 Cir., 1957, 245 F.2d 227, 228, reversed a summary judgment that was based on an oral motion, stating "[o]ral motions for summary judgments in Federal courts are not authorized or provided for in Rule 56 or elsewhere." *But see Time, Inc. v. Bernard Geis Associates*, S.D.N.Y., 1968, 293 F.Supp. 130, 133. The above rule is sound. Allowing oral motions for summary judgment leads to exactly the confusion that has occurred in this case—with each side having different recollections of what was contended. Requiring a written motion also insures adequate notice to both sides. Rule 56(c), Fed. R.Civ.P. Granting defendants' oral motion for summary judgment therefore constituted reversible error.

■ The second procedural error below was the court's failure to follow the notice and hearing requirements set forth in Rule 56(c). That rule provides that a motion for summary judgment "shall be served at least 10 days before the time fixed for the hearing." "This Circuit has upheld the strict requirements of notice embodied in Rule 56," *Underwood v. Hunter*, 5 Cir., 1979, 604 F.2d 367 and has consistently refused to dispense with the procedural safeguards set forth in the rule. *Davis v. Howard*, 5 Cir., 1977, 561 F.2d 565; *Sharlitt v. Gorinstein*, 5 Cir., 1976, 535 F.2d 282; *Scott v. Courtesy Inns, Inc.*, 5 Cir., 1973, 472 F.2d 563; *Gutierrez v. El Paso Community Action Program*, 5 Cir., 1972, 462 F.2d 121.

The ten-day notice provision of Rule 56 is not an unimportant technicality, but serves substantial interests of litigants before federal courts. As Professors Wright and Miller state:

The extended time period for service of the motion is especially important in the Rule 56 context because it provides an opportunity for the opposing party to prepare himself as well as he can with regard to whether summary judgment should be entered. In theory, the additional time ought to produce a well-prepared and complete presentation on the motion to facilitate its disposition by the court. In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment process is fair.

10 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2719 at 451 (1973).

In the instant case, appellants had no advance notice that they were to face a motion for summary judgment at the pretrial conference on September 12. They had no opportunity, other than a few hours granted by the court, to prepare themselves to meet defendants' arguments on the statute of limitations issue. While we do not decide whether disputed questions of fact appear in the record before us, it is clear that if plaintiffs had been given ten days to answer defendants' contentions, they might have avoided the result reached below. A factual dispute about equitable tolling of the statute of limitations or continuing violations of 15 U.S.C. § 1709(b)(1) would cause summary judgment to be inappropriate. *See, e. g., Holifield v. Cities Service Tanker Corp.*, E.D.La., 1976, 421 F.Supp. 131, *aff'd*, 5 Cir., 1977, 552 F.2d 367 (equitable tolling of the statutory period); *Husted v. Amrep Corp.*, S.D.N.Y., 1977, 429 F.Supp. 298 (continuing violation of 15 U.S.C. § 1709(b)(1) ). The ambiguous statements from plaintiffs' depositions on which defendants rely do not preclude plaintiffs' proffering further evidence on the controlling questions.

The dismissal with prejudice of appellants' complaint upon a motion for summary judgment is a drastic measure that may be taken only upon strict adherence to proper procedure. The ten-day notice requirement of Rule 56(c) is essential to assure that the summary judgment process is fair.

REVERSED AND REMANDED.