*170
 
 AINSWORTH, Circuit Judge:
 

 Appellant Martha L. Alder appeals from a judgment of the United States District Court for the Southern District of Mississippi affirming a summary judgment and injunction of the bankruptcy court against her and in favor of appellees Donald W. Hailey and Brown & Root, Inc. In this judgment the district court also sustained a motion to dismiss by Brown & Root on a complaint filed against it by Alder and entered summary judgment in favor of Hailey on this same complaint. Alder appeals these rulings as well.
 

 On April 5, 1977, Donald W. Hailey filed a petition for voluntary bankruptcy. Included in his statement of affairs was a recital by the bankrupt that a judgment in the amount of $4,344.22 had been rendered against him in the County Court for the Second Judicial District of Harrison County, Mississippi on October 18, 1976 in favor of Martha L. Alder. Listed on the schedule of debts filed with the petition as a creditor with a claim reduced to judgment was “Mrs. Martha L. Alder, Biloxi, Mississippi 39533.” No street address was included. On April 7, 1977, the bankruptcy court entered an order adjudging Hailey bankrupt, and scheduled the first meeting of creditors for May 4, 1977.
 
 [1]
 
 Alder received no notice of these proceedings.
 

 On April 29, 1977, Alder, through her attorney, requested the clerk of the County Court for Harrison County to issue a writ of execution on the judgment obtained by Alder against Hailey. On May 4, Alder filed a suggestion for writ of garnishment in the County Court, and a writ was served on Brown & Root, Hailey’s employer, two days later. Upon learning that the deputy sheriff of Harrison County had filed a return “nulla bona” on the writ of execution issued against Hailey, Alder’s attorney on July 22, 1977 requested the clerk to issue a new writ.
 

 On August 1, Alder learned that Hailey had been adjudged bankrupt. Her attorney on August 3 notified the County Clerk of this fact; however, since Alder had received no formal notice of the bankruptcy proceedings, she continued to pursue her remedies in state court. On' September 8, 1977, she moved for a default judgment against Brown & Root for failure to answer the writ of garnishment and four days later the County Court rendered judgment against Brown & Root in the amount of $4,344.22. On September 16, 1977, the bankruptcy court issued an order discharging the bankrupt Hailey.
 

 On November 8, 1977, Alder moved the County Court for issuance of a writ of execution on the judgment she had obtained against Brown & Root and the writ was issued on November 9. Then, on February 3, 1978, Alder secured a writ of garnishment against Brown & Root which resulted in the impounding of funds in the Pasca-goula-Moss Point Bank to satisfy her judgment. Brown & Root appeared in the County Court for the first time on February 13, 1978, requesting that the garnishment be set aside, relying on the order of the bankruptcy court as a bar to enforcement of the state court judgment. A hearing was held on March 1, and the County Court judge took the matter under advisement. Hailey never entered an appearance in state court.
 

 On March 3, 1978, Hailey filed a petition in bankruptcy court and attached copies of documents taken from the file in the County Court proceedings, requesting that Alder be held in contempt of court for failing to remove the garnishments and further that she be enjoined from proceeding further in her efforts to execute on her judgment in the County Court. On March 9, Brown & Root filed a petition in bankruptcy court seeking similar relief. Then, on March 17, 1978, Alder attempted to file a complaint in the bankruptcy court against Hailey and Brown & Root seeking to have Hailey’s
 
 *171
 
 discharge set aside for fraud, but the bankruptcy judge refused to permit its filing. On April 3, Alder filed answers to the petitions of Hailey and Brown & Root. No other pleadings were filed by any of the parties to the proceeding. The bankruptcy judge then held a pretrial conference on April 5 and on April 10, with no motion before him and without holding an eviden-tiary hearing, he entered a summary judgment and injunction against Alder, fining her $250 for contempt of court, ordering her to have all proceedings in the County Court since April 7, 1977 set aside and dismissing all garnishments filed in the case. She was also enjoined from taking any further action in the County Court pursuant to her cause of action.
 

 Alder appealed this judgment to the district court and also filed a complaint against Hailey and Brown & Root, seeking to have Hailey’s discharge in bankruptcy set aside for fraud. The district court permitted the filing of the complaint on June 20, 1978 and on July 28, Hailey filed an answer to this complaint. On August 2, Brown & Root also filed an answer to Alder’s complaint and on September 15 filed a motion to dismiss the complaint or alternatively for summary judgment, alleging that Alder’s complaint failed to state a claim upon which relief could be granted against Brown & Root. Hailey filed no similar motion. On October 19, 1978, pursuant to its memorandum of law of October 4, the district court entered a judgment affirming the summary judgment and injunction of the bankruptcy court, thereby dispensing with Alder’s appeal. The district court’s judgment also granted Brown & Root’s motion to dismiss Alder’s complaint and entered summary judgment in favor of Hailey on this same complaint.
 

 In her appeal to this court from the decision of the court below, Alder alleges that the district court erred in affirming the judgment of the bankruptcy judge and in denying her an evidentiary hearing on her complaint to set aside the bankrupt Hailey’s discharge for fraud. We hold that because of procedural irregularities regarding the summary judgment of the bankruptcy court, the district court erred in affirming the bankruptcy court’s judgment on appeal. We also hold for similar procedural errors that the district court erroneously granted summary judgment in favor of Hailey on Alder’s complaint to set aside Hailey’s discharge. We therefore reverse and remand for a proper determination of the underlying issues. As to the bankruptcy court’s finding of contempt against Alder, affirmed by the district court, we disagree and therefore reverse. However, the district court’s order granting Brown & Root’s motion to dismiss Alder’s complaint against it is correct and as to this portion of the district court’s judgment we affirm.
 

 In the bankruptcy court’s award of summary judgment in favor of Hailey and Brown & Root ordering Alder to take all actions necessary to have the orders, garnishments and judgments she had obtained in County Court set aside, we find that the court rendered judgment without complying with Rule 56 of the Federal Rules of Civil Procedure. Rule 56(a) and (b) state that a claimant or a defending party may “move with or without supporting affidavits for a summary judgment in his favor.” Subsection (c) requires that the motion be served “at least 10 days before the time fixed for the hearing,” and allows the adverse party prior to the day of hearing to serve opposing affidavits. Because of these provisions, this court has held that a summary judgment cannot be based on an oral motion.
 
 Hanson v. Polk County Land, Inc.,
 
 608 F.2d 129, 131 (5th Cir. 1979). Nor is there any indication in the rule that a judge may render a summary judgment sua sponte. In fact, we have held that the notice and hearing requirements of Rule 56(c) are not “unimportant technicalities],”
 
 Hanson, supra,
 
 608 F.2d at 131, but must be strictly adhered to. The parties must therefore be timely served a written motion in order to be given an opportunity “to produce a well-prepared and complete presentation on the motion to facilitate its disposition by the court.” 10 C. Wright & A. Miller, Federal Practice and Procedure § 2719 at 451 (1973). Furthermore, since
 
 *172
 
 the outcome can result in a final disposition of the case, sufficient time must be given the parties to assure that the summary judgment process is fair.
 
 Id.
 

 Here, there was no written motion for summary judgment in the bankruptcy court. Rather, the bankruptcy judge entered summary judgment against Alder after holding a pretrial conference on the petitions of Hailey and Brown & Root. Alder had no advance notice that she was to face a motion for summary judgment at the pretrial conference nor was she at any time given sufficient opportunity to meet appel-lees’ arguments. In fact, the record is unclear whether any motion, oral or otherwise, was ever made by any of the parties. Under the circumstances, therefore, the bankruptcy court’s granting of summary judgment constituted reversible error.
 

 Regarding the summary judgment granted by the district court in favor of Hailey on Alder’s complaint to have the discharge set aside for fraud, we also find that similar procedural errors require us to reverse and remand the court’s ruling. Our search of the record indicates that appellee Hailey never filed a motion for summary judgment on Alder’s complaint. The responsive pleading submitted by Hailey to the court consisted solely of his answer to Alder’s complaint with attached copy of Schedule A-3 from his petition in bankruptcy. Although Brown & Root filed an answer and a motion to dismiss or alternatively for summary judgment, its pleadings prayed only for relief for Brown & Root. Hailey did not join in this motion nor file one in his own behalf. We therefore find that the district court’s summary judgment in favor of Hailey was erroneously entered.
 

 As noted earlier, in its summary judgment and injunction the bankruptcy court found Alder in contempt of court for failure to remove the garnishment and for pursuing efforts in state court to collect on her judgment. The court fined her $260. In contempt proceedings the basic proposition is that all orders and judgments of courts must be complied with.
 
 Jim Walter Resources, Inc. v. International Union, United Mine Workers of America,
 
 609 F.2d 165, 168 (5th Cir. 1980). However, the judicial contempt power is a potent weapon which should be used only where clearly warranted.
 
 International Longshoreman's Association v. Philadelphia Marine Trade Association,
 
 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967);
 
 Matter of Baum,
 
 606 F.2d 592, 593 (5th Cir. Í979).
 

 In the present case, the order adjudging Hailey bankrupt and mandating that all actions by unsecured creditors be stayed and all garnishments be removed was entered on April 7, 1977. At this time Alder had no knowledge of the proceedings or the order. “Before contempt may lie the parties must have actual knowledge of the order and the order must be sufficiently specific to be enforceable.”
 
 Finney v. Arkansas Board of Correction,
 
 505 F.2d 194, 213 (8th Cir. 1974). It was not until approximately four months later that Alder learned Hailey had filed bankruptcy proceedings. Because she had not been made a party to these proceedings she assumed she was free to pursue her state court remedies. She contended then and now that Hailey had actual knowledge of her street address but failed to include it in his schedule of creditors filed with his bankruptcy petition so that she might be properly notified. Consequently, she contends, the debt was not duly scheduled within the meaning of Bankruptcy Rule 401(c) and the Bankruptcy Code, 11 U.S.C. § 523(a)(3). Although we express no opinion as to the validity of these arguments, we find that under the circumstances there was no violation by Alder of the bankruptcy court’s order sufficient to constitute contempt and thus the entry of the judgment of contempt was in error.
 

 Finally, in its judgment the district court sustained Brown & Root’s motion to dismiss Alder’s complaint as to it. Because we find that Alder’s complaint contains no substantive allegations .with respect to Brown & Root, we affirm.
 

 REVERSED IN PART, REMANDED IN PART, AND AFFIRMED IN PART.
 

 [1]
 

 . Included in the bankruptcy court’s order was the usual mandate pursuant to Bankruptcy Rules 401(a) and 601(a) staying all proceedings by unsecured creditors against the bankrupt and an order voiding all garnishments and subjecting a judgment creditor to a $250 fine for contempt of court for failing to remove all garnishments.