**In the Matter of RAYMOND CONSTRUCTION COMPANY OF FLORIDA, INC., Debtor.**

No. 80–463 C.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Oct. 21, 1980.

---

Jay Molyneaux, Sarasota, Fla., for debtor.

David Gorman, St. Petersburg, Fla., trustee.

Harley Riedel, Tampa, Fla., for trustee.

ORDER ON APPLICATION TO DETERMINE ORDER OF CIRCUIT COURT NULL AND VOID AND ORDER DISMISSING CONTEMPT PROCEEDING

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a liquidation case and the matters under consideration are two applications filed by the Trustee of the estate. The first seeks a determination by this Court that an order entered by the State Court is null and void. The second seeks to impose punishment for contempt against the Pinellas State Bank (the Bank) who was the Defendant in the State Court action.

In order to put the issues raised by the two Applications in proper focus, it should be helpful to summarize briefly the sequence of relevant events which have significant and controlling impact on the merit of the two Applications under consideration.

Prior to the institution of a voluntary liquidation proceeding, Raymond Construction Company of Florida, Inc. dba Morkay Construction (the Debtor) filed a suit against the Bank in the Circuit Court for Pinellas County, Florida, Civil Case No. 80–154–11. The suit was filed by attorney Raymond C. Conklin, on behalf of the Debtor. In December of 1979, after the case

became at issue, the Bank commenced discovery and on March 30, 1980 propounded a set of interrogatories to the Debtor which were to be answered by the Debtor under the Florida Rules of Civil Procedure, § 1.340, by April 20, 1980.

On April 9, 1980, the Debtor filed its voluntary petition pursuant to § 301 of the Bankruptcy Code. On April 10, 1980, David Gorman was appointed as Interim Trustee for the estate of the Debtor pursuant to § 702 of the Bankruptcy Code. The Debtor failed to answer the Bank's interrogatories and on April 22, 1980 the Bank moved in the State Court for the imposition of sanctions against the Debtor for its failure to respond to the interrogatories pursuant to Florida Rules of Civil Procedure 1.380(b)(2)(A), (B) and (C). According to the certificate of mailing, a copy of the Motion was served by mail on Mr. Conklin, counsel of record who originally filed the suit on behalf of the Debtor. It was not, however, served on the Interim Trustee.

The record further reveals that on April 30, 1980, the Circuit Court held a hearing on the Bank's Motion for Sanctions at which time the original counsel for the Debtor advised the Circuit Court of the pendency of the bankruptcy proceeding. Thereafter, on May 9, 1980, the Circuit Court issued, on its own motion, an Order to Show Cause directing the Debtor, "by and through its Trustee in bankruptcy" (sic) to appear before the Circuit Court on June 3, 1980 and show cause why the Trustee should not be substituted as the proper party "to bring claims on behalf of the Debtor or in the alternative, why the complaint should not be dismissed for failure to respond to the Bank's interrogatories." It further appears that this Order to Show Cause was mailed to the Trustee, David Gorman.

On May 23, 1980, the Trustee filed an Application for Leave to Employ Counsel and on the same date, this Court authorized the Trustee to employ Harley E. Riedel of the law firm of STICHTER & RIEDEL, P.A. as counsel.

On June 3, 1980, the Circuit Court entered an order which, after having found that "no cause has been shown by the *Plaintiff*" (emphasis supplied) dismissed the complaint. The Order of Dismissal is silent concerning whether the dismissal was with or without prejudice.

It further appears that on June 6, 1980, counsel for the Trustee filed a "Suggestion of Bankruptcy" in the State Court proceeding and on June 13, 1980, filed an "Application for Removal" pursuant to 28 U.S.C. § 1471 and Local Bankruptcy Rule 7004. In due course, the Bank filed a Response to the Application. On July 22, 1980, this Court entered its order treating the Bank's response as an objection to the removal and sustained that objection and remanded the case to the Circuit Court.

This is the procedural background of the matters under consideration presented by the two Applications filed by the Trustee. It is the Trustee's contention that by virtue of the automatic stay imposed by the Bankruptcy Code, § 362, all actions *against* the Debtor were prohibited and any party who commences or continues any action against the Debtor or against any property of the Debtor, violates the automatic stay and should be punished for contempt. In addition, so contends the Trustee, any action taken in a pending lawsuit after the institution of the bankruptcy proceeding should be declared to be null and void.

■ Considering the matter of contempt first, it is well to state at the outset that a willful violation of the automatic stay may subject punishment for contempt of court. This was true even before the adoption of the Code. Thus, in case of *Fidelity Mortgage Investors Co. v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir. 1976), *cert. den.,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 *reh. den.,* 430 U.S. 976, 97 S.Ct. 1670, 52 L.Ed.2d 372, the attorneys for the party who disregarded the prohibition of the automatic stay imposed by Bankruptcy Rule 11–44 were fined $25,000 for filing a complaint in a State Court after the commencement of the arrangement proceeding against a Debtor involved in an arrangement proceeding. The fine imposed was sanctioned by the Court of Appeals for the Second

Circuit even though the attorneys who filed the suit were never notified officially of the pendency of the bankruptcy proceeding, but only learned of that proceeding from an article published by the Wall Street Journal.

There is hardly any question that the protection provided by the automatic stay provision of the Bankruptcy Code, § 362, is far broader in scope and in reach than the similar provisions found in the Bankruptcy Rules. Bankruptcy Rules 401, 601, 10–601, 11–44, and 12–43. This should be apparent from the very detailed and extensive specifications set forth in § 362 of the Bankruptcy Code.

In order to support the charge that the Bank violated the automatic stay, the Trustee relies on clause (3) of § 362 of the Bankruptcy Code which provides as follows:

§ 362. *Automatic Stay*

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of—

(3) any act to obtain possession of property of the estate or of property from the estate;

It is the contention of the Trustee that the complaint which was then pending in the Circuit Court was a chose of action; that by virtue of § 541 of the Bankruptcy Code, it became the property of the estate and property in *custodia legis* as of the date of the commencement of the bankruptcy proceeding; and any action, direct or indirect, which was designed to affect that property would be a violation of the automatic stay and in contempt of court provided the party charged with violation had knowledge of bankruptcy. *In re Hailey*, 23 C.B.C. 89, 621 F.2d 169 (5th Cir. 1980).

■ The conduct complained of was obviously not "an action to obtain possession of property of the estate or of property from the estate" by the Bank. The only act undertaken by the Bank after the commencement of the bankruptcy proceeding was filing of a motion in which the Bank sought to impose sanctions on the Debtor for its failure to comply with the applicable rules of discovery in the lawsuit then pending in the State Court. This, of course, presents a completely different picture from the one involved in the case of *Fidelity Mortgage Investors Co., supra* where the attorneys sought to impose a lien on the property of a debtor who was involved in an arrangement proceeding. That, of course was an obvious violation of the automatic stay imposed by Bankruptcy Rule 11–44. Even assuming, without admitting, that filing a motion for sanctions after the commencement of a bankruptcy case against a debtor could be considered to be a conduct which falls within the prohibitive parameter of § 362(a)(3) of the Bankruptcy Code, the record still fails to establish that the Bank was guilty of contempt for the following reasons:

There is no evidence before this Court that either the Bank or its attorneys were aware of the pendency of the bankruptcy at the time the Bank filed its Motion for Sanctions. *In re Hailey, supra*; c. f. *In re Fidelity Mortgage Investors Co., supra.* Second, the action which purported to affect the right of the estate with regard to the claim, represented by the complaint, was not an action by the Bank or by its attorneys, but was the action of State Circuit Court who, on its own motion, issued the Order to Show Cause which ultimately produced the Order of Dismissal. In light of the foregoing, this Court is satisfied that this record does not warrant punishment for contempt.

This leaves for consideration the alternative relief sought by the Trustee, which is a declaration by this Court that the order of dismissal entered in the state court proceeding is null and void and without legal effect on the right of a trustee to prosecute the action against the Bank, if so deemed to be advised.

■ It is clear that by virtue of § 541(a) of the Bankruptcy Code, properties in which the Debtor had a cognizable or equitable ownership interest were no longer the properties of the Debtor on the date the petition in bankruptcy was filed, but be-

came automatically part of the estate. From this it follows that after the commencement of the bankruptcy proceeding, the Debtor was no longer a real party of interest in the state court lawsuit simply because the claim asserted by the Debtor was a chose of action which became a property of the estate. *Manter v. Howard*, 94 Cal.App.2d 404, 210 P.2d 880, 882 (1949). Accordingly, since the Debtor no longer had an interest in the claim then pending in the State Court, the dismissal of the complaint with respect to the Debtor was, of course, technically correct, but dismissal could not be binding on the trustee, for the following reasons:

The proper procedure to effectuate a "transfer of interest" or substitution of parties, in State Court is controlled by Fla.R. Civ.P. 1.260(c) which provides in pertinent part as follows:

1.260(c). *Transfer of Interest*

"In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule."

■ While it is not clear from the language of the Rule whether a transfer can be effectuated only upon a motion of a litigant or also upon a court's own motion, this Court is satisfied that the first proposition is more sound because the importance to effectuate a substitution is primarily the concern of the litigant and not that of the Court. Assuming, but not admitting, however, that the language used in this subsection is broad enough to permit the Court to direct the substitution on its own motion, it is clear that the procedure to effectuate a substitution as set forth by the Rules of Procedure must be strictly followed. Florida Rules of Civil Procedure 1.260(a)(1) deals with this subject matter and provides in pertinent part as follows:

1.260(a)(1).

". . . . The motion for substitution . . . . shall be served on all parties as provided in Rule 1.080 and *upon persons not parties in the manner provided for the service of a summons.* Unless the motion for substitution is made within 90 days . . . . the action shall be dismissed . . . ." (Emphasis supplied).

The Rule requires that whether or not the substitution was to be effectuated through a motion or through an order to show cause issued by the Court on its own motion, the same must be served in the manner provided for by service of summons. The record is uncontradicted that the order to show cause was merely mailed to the trustee, but he was never actually served. Moreover, the Rule itself provides 90 days to effectuate a substitution and obviously a dismissal of an action prior to the expiration of the 90 days, was in direct violation of this Rule and, therefore, it cannot be binding on the Trustee.

■ More importantly, however, § 108(a) of the Bankruptcy Code grants the trustee of the estate two additional years after the entry of the order for relief to commence any action which is not yet barred by the applicable Statute of Limitations on the date of the commencement of the case. For this additional reason, the dismissal of the action by the State Court, even assuming it was proper, could not have been a dismissal with prejudice and there is no question that the Trustee can refile this lawsuit unless the action is barred by the Statute of Limitation.

The proposition urged by the Trustee that the judgment entered after bankruptcy is invalid against the estate represents the proper statement of the law. *In re Sarno*, 23 C.B.C. at 151 (E.D.N.Y.1980). This principle applies in an action apparently only to judgments which have been entered against the Debtor where the Debtor is the defendant, and the judgment is based on a dischargeable debt and it affects the properties of the estate. Neither the research of counsel nor independent research reveals any authority which would apply this principle to an action where the Debtor is the plaintiff and the judgment entered against the debtor is neither a judgment

based on dischargeable debt nor represents a judicial determination which directly affects the property of the estate in the orthodox sense i. e. imposes a charge or a lien on the property of the estate or deprives the estate of possession of a property or affects the interest of the estate in the property.

The Trustee's contention that this Court should declare the State Court's order of dismissal null and void and same should be vacated, however, is without legal support. While the Bankruptcy Court has the power to enjoin the enforcement of a State Court's determination, it has no authority to vacate such an order. *In re Pioneer Warehouse Corp.*, 23 C.B.C. 11 (E.D.N.Y.1980).

A literal application of the holding in *Pioneer, supra* to the instant case would effectively deprive the trustee of the protection afforded by the automatic stay and would strip him of a possible valuable asset, an asset which only the Trustee is authorized to administer and no one but the trustee has a right to decide whether to pursue the same or abandon it as burdensome. *Manter v. Howard, supra.* While this Court is of the opinion that it would be unseemly and unwarranted to interfere with the jurisdiction of a State Court by vacating or setting aside its order of dismissal, it would be certainly proper for this Court to declare that the order of dismissal is not binding on the trustee as a matter of law.

Accordingly, a trustee shall be entitled to move in a State Court to obtain an order vacating the order of dismissal and in the event he is unable to obtain the relief sought, the trustee should be able to refile this lawsuit if he decides to pursue its claim against the Bank.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's application to punish the Bank for contempt of court be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's application to set aside and to vacate the order of dismiss-al entered by a State Court be, and the same hereby is, denied without prejudice with leave granted to the trustee to seek the same relief in a State Court proceeding. It is further

ORDERED, ADJUDGED AND DECREED that in the event the trustee is unsuccessful in obtaining the relief sought, the trustee shall be entitled to refile a complaint against the Bank if he so deems it to be advised.