HOY, JOHN J., Associate Judge.
The trustee in bankruptcy for Musicians Exchange Downtown Cafe, Inc. appeals from two orders; the first denying the trustee’s motion to continue Musicians’ lawsuit and the second granting the appel-lee’s motion to amend pleadings and substitute party defendant in the case style. We reverse both.
On January 8, 1988, Musicians Exchange entered into a lease for use of space as a nightclub, restaurant and bar. The identity of the landlord is an issue in the case, but for purposes of this appeal, it will be referred to as appellee, Mercede City Center, Inc. Problems arose regarding the condition and use of the premises. Musicians filed suit for injunctive relief in July 1988. The then-named defendants filed an answer, counterclaim, and third-party complaint. Early on, the parties disagreed over who the proper defendants should be.
Musicians filed for Chapter 7 bankruptcy protection on November 12, 1989.[1] The bankruptcy judge issued an order for relief and appointed a trustee. On July 31, 1991 the trustee moved to “reinstate” party on behalf of Musicians. The trial court denied this effort to continue the suit. On September 12, 1991, the trustee again moved to “substitute” itself for Musicians. That motion also was denied on November 7, 1991. The trustee appeals that denial.
Musicians argues that the trustee’s motions were timely and should have been granted. We agree for two reasons. First, the Bankruptcy Code gives the trustee two years from the order for relief to continue an action on behalf of the debtor. See 11 U.S.C. § 108; see also In re Matter of Raymond Constr. Co. of Fla., Inc., 6 B.R. 793, 797-98 (Bankr.M.D.Fla.1980) (§ 108 is the applicable time limit for a bankruptcy trustee to decide whether to commence or continue an action on behalf of its bankrupt). Assuming arguendo the bankruptcy order for relief was on November 12, 1989, the September 12, 1991 motion for substitution was filed within two years and thus was timely.
Second, rule 1.260(c), Florida Rules of Civil Procedure, does not, under the facts of this case, prohibit the substitution of the trustee for Musicians Exchange as party plaintiff. The trial judge apparently incorporated into rule 1.260(c) the ninety-day time limitation of rule 1.260(a). The ninety-day time limit applies only after the filing of a suggestion of death of a party. The reference in rule 1.260(c) to “service of the motion” refers to the method of service and not the time limitation contained in *136 rule 1.260(a). Compare Raymond, 6 B.R. at 797 (service requirement in rule 1.260(a) for substituting parties in case of death is applicable also to subsection (c) transfer of interest provision).
Musicians also appeals from the trial court’s order granting appellee’s motion to amend the style of the case by changing the name of the defendant. The pleadings filed in the case as well as the lease itself contain different names for the landlord. The parties have continuously disagreed over the identity of the proper party defendant. This dispute must be resolved by an evidentiary hearing. Granting the motion to amend without such a hearing was error.
The orders appealed from are reversed and the case remanded for further hearing consistent with this opinion.
REVERSED AND REMANDED.
GLICKSTEIN, C.J., and ANSTEAD, J„ concur.

. The year the bankruptcy order of relief was granted is not clear from the record. It was either 1989 or 1990.