REVISED AUGUST 1, 2002


UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31436
SUMMARY CALENDAR
_____


STUART H. SMITH, JR.,

Plaintiff - Appellant - Cross-Appellee

v.

INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS,

Defendant - Appellee - Cross-Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

_____

July 17, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

On October 3, 1992, Appellant Stuart H. Smith, Jr., was serving as third officer aboard an oceangoing cargo vessel berthed in the Port of New Orleans. Smith was employed by Waterman Steamship Corporation ("Waterman"), the owner and operator of the vessel. On that day, the vessel was undocking when it collided with the dock. The collision caused damage to both the vessel and the dock. Holding Smith responsible, Waterman fired him the following day.

-1-

At the time, Smith was a member of Appellee International Organization of Masters, Mates and Pilots ("the Union"), which was party to a collective bargaining agreement between Waterman, among other employers. The agreement contained a grievance mechanism for solving labor-management disputes. Under the agreement, the Union had the right to bring a grievance either on its own behalf or on behalf of a member. The agreement further authorized the Union to pursue arbitration should the grievance procedure provide an unsatisfactory resolution.

On October 7, 1992, Smith contacted the Union and asked it to initiate grievance procedures with respect to his October 4 discharge. He claimed that the discharge was without cause. Smith and the Union, each through counsel, exchanged correspondence regarding the grievance for over a year. During that time, the Coast Guard began an investigation of the October 3 collision. The Union would not pursue Smith's grievance until it had received a complete report of the Coast Guard's investigation, which was not available until the Coast Guard completed its investigation in July of 1999.

In July of 1993, Smith filed a lawsuit against Waterman. On January 11, 1994, the Union sent a letter to Smith's attorney, informing Smith that the Union would not pursue his grievance. According to the Union, Smith had abandoned the grievance procedure by not providing the Union with the Coast Guard's investigation report and by bringing litigation against Waterman on his own.

Smith's lawsuit against Waterman failed on summary judgment. Smith later sought to have the judgment set aside, claiming there had been a fraud upon the court. The district court denied Smith's motion. Smith then turned to the Union, suing it for failing to pursue his grievance. The Union filed a motion for summary judgment, arguing only that the six-month statute of

limitations specified in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is applicable to this case. The district court ruled Smith's claim to be an action for breach of the Union's duty of fair representation and agreed on the six-month statute of limitations. The district court also ruled that the Union breached its duty of fair representation to Smith. However, because the six-month statute of limitations had long since passed, the district court granted the Union's motion for summary judgment.

Smith appeals the district court's application of the six-month statute of limitations. On cross-appeal, the Union objects to the district court's finding that it breached its duty of fair representation.

**I**

We review a district court's grant of summary judgment de novo. See Green v. CBS, 286 F.3d 281, 283 (5th Cir. 2002). Smith filed this claim pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the district court found Smith's claim to be one for breach of the Union's duty of fair representation. We agree. When a "union representing the employee in the grievance/arbitration procedure acts in ... a discriminatory, dishonest, arbitrary, or perfunctory fashion," that union breaches its duty of fair representation. DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 164 (1983). Smith alleges damages arising out of the Union's refusal to pursue the grievance mechanism with respect to his October 4 discharge. He is clearly stating a claim for breach of the Union's duty of fair representation.

There is no federal statute of limitations expressly applicable to a § 301 claim against an employer or to a fair representation claim against a union. Where there is no federal statute of limitations, federal courts will normally "borrow" from the most closely analogous state statute.

See DelCostello, 462 U.S. at 158. Sometimes, however, state limitation periods do not provide a satisfactory means of enforcing federal law. Where state rules would be at odds with the purpose and operation of federal law, courts will draw statutes of limitations from either related federal statutes or from the federal common law. See id. at 162. This is the case with respect to an employee's suit against his employer and his union, to which the six-month limitations period in § 10(b) applies. See DelCostello, 462 U.S. at 155; Thomas v. LTV Corp., 39 F.3d 611, 622 (1994). As a formal matter, these suits are considered "hybrid" suits comprising two separate causes of action. First, the employee alleges that the employer has violated § 301. Second, the employee alleges that the union has breached its duty of fair representation, which the Supreme Court has inferred from the scheme of the NLRA. See DelCostello, 462 U.S. at 164.

Given the DelCostello decision, the question here is whether the six-month limitations period in § 10(b) should apply to an employee's duty of fair representation claim against a union standing alone. We hold that it should. Although DelCostello is limited to hybrid cases, the Supreme Court analyzed the two causes of action separately, comparing each to a state-law analog and dismissing each analog as an unsatisfactory means of enforcing federal law. First, the Court found a claim for legal malpractice to be the closest state analogy to a federal duty of fair representation claim. See 462 U.S. at 167. Nevertheless, the Court dismissed the legal malpractice analogy as inadequate because it "suffers from objections peculiar to the realities of labor relations and litigation." Id.

The Court found § 10(b) to be a more suitable source from which to borrow a statute of limitations. DelCostello, 462 U.S. at 169. Section 10(b) establishes a six-month period for bringing charges of unfair labor practices to the National Labor Relations Board pursuant to

section 8 of the NLRA. 29 U.S.C. § 158. According to DelCostello, unfair labor practices are more analogous to breaches of a union's duty of fair representation than any other state parallel. See 462 U.S. at 169. Although the Court did not necessarily define all breaches of a union's duty of fair representation as unfair labor practices, it did note that "the family resemblance" between the two types of wrongdoing "is undeniable and that indeed there is a substantial overlap." Id. at 170.

The district court did not err in applying § 10(b)'s six-month limitations period to Smith's claim. Smith himself asserts that he brought this claim under § 301, to which § 10(b) certainly applies. See DelCostello, 462 U.S. at 158 n.12. Furthermore, the district court correctly characterized it as a duty of fair representation claim. Following the logic of DelCostello, such a claim is also subject to the six-month limitations period.

Smith argues that § 10(b) cannot be applied to him because he was a supervisory employee. Smith's status as a supervisory employee is entirely irrelevant here because Smith brought this duty of fair representation claim under § 301. If Smith were a supervisory employee, he would be excluded from the definition of "employee" under section 2(3) of the NLRA. See 29 U.S.C. §152(3) ("The term 'employee' . . . shall not include . . . any individual employed as a supervisor."). This would preclude him from bringing an action against the Union for violation of § 8 of the NLRA. See NLRB v. Southern Plasma Corp., 626 F.2d 1287, 1294–95 (5th Cir. 1980).

Nonetheless, as a statute of limitations, § 10(b) applies only to particular causes of action, not to particular types of people. By its express terms, it applies to § 8 causes of action. See 29 U.S.C. § 160(b). It applies to § 301 and duty of fair representation claims by analogy. See DelCostello, 462 U.S. at 167. Section 10(b)'s six-month period of limitations applies to Smith's

suit against the Union whether or not he was a supervisor. Thus, we affirm the district court's application of the six-month statute of limitations and its grant of summary judgment in favor of the Union.

## II

On cross-appeal, the Union's argues that the district court erred by finding that it breached its duty of fair representation to Smith. The Union argues that the district court made its findings sua sponte and without notice in violation of Rule 56 of the Federal Rules of Civil Procedure. See In re Hailey, 621 F.2d 169, 171–72 (5th Cir. 1980); Powell v. United States, 849 F.2d 1576, 1578–79 (5th Cir. 1988). By affirming the district court's grant of summary judgment in favor of the Union, we render moot the Union's cross-appeal.

## III

The judgment of the district court is AFFIRMED.